IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CARL C. GILBERT, II,

    Plaintiff,

v.

STATE OF WISCONSIN, DEPT. HEALTH
& SERVICE, *et al.*

    Defendants.

ORDER

Case No.  14-cv-427-jdp

    Plaintiff Carl C. Gilbert, II, presently in state custody pursuant to Wis. Stat. ch. 980 at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has filed a proposed civil complaint, but has neither paid the filing fee nor requested leave to proceed without prepayment.  For this case to proceed, plaintiff must pay the $400 filing fee or submit a properly supported motion for leave to proceed without prepayment of the filing fee no later than July 9, 2014.

    In the event that plaintiff files a request for leave to proceed without prepayment of the filing fee, plaintiff is advised this court uses one formula for determining whether an institutionalized litigant is entitled to proceed *in forma pauperis*, even in cases that are not subject to the mandatory fee provisions found in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b).  *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving the district court's incremental fee-collection formula for non-PLRA cases). Under this formula, the court will consider a copy of the plaintiff's resident account statement for the six months preceding his complaint, calculating 20% of the average monthly balance and comparing that amount with 20% of the average monthly income.  The plaintiff will be required to pay whichever amount is greater toward the filing fee before his

case can proceed. Plaintiff will qualify for indigent status with respect to the remainder of the fee. (The federal *in forma pauperis* statute does not permit a court to waive plaintiff's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee.)

To determine whether plaintiff qualifies as indigent, any motion for leave to proceed without prepayment of the filing fee must include a certified copy of his resident trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the date of his complaint. 28 U.S.C. § 1915(a)(2).

ORDER

IT IS ORDERED that plaintiff Carl C. Gilbert, II may have until July 9, 2014 to submit the $400 filing fee or a motion for leave to proceed without prepayment and a trust fund account statement for the period beginning approximately December 10, 2013 and ending approximately June 10, 2014. If, by July 9, 2014, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 19th day of June, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge