IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT II,

                        Plaintiff,

    v.

STATE OF WISCONSIN, DEPT. HEALTH & SERVICE,
SAND RIDGE SECURE TREATMENT CENTER,
DEBORAH MCCULLOCH, ROBERT KNEEPKENS,
SARAH STUCKEY, KRIST RICK, MARK SPEES,
JEFF HRUSKA, VALERIE LITTY, ROSE GRIFFA,
PAULA GILES, ROBERT GUNN,
and JOHN JOE DEFENDANTS 1-130,[1]

                        Defendants.

OPINION & ORDER

14-cv-427-jdp

---

CARL C. GILBERT II,

                        Plaintiff,

    v.

STATE OF DEPARTMENT OF
HEALTH SERVICES (SECRETARY),
DEBORAH MCCULLOCH, KAY MORSE,
ROBERT KNEEPHKENS, STEVE SCHNIEDER,
JEFFREY HRUSKA, MARK SPEES, ROBERT GUNN,
KEITH RAMSEY, JASON SMITH,
and JOHN DOE DEFENDANTS 1-160,[2]

                        Defendants.

OPINION & ORDER

14-cv-466-jdp

---

[1] At the same time plaintiff submitted his complaint in case no. 14-cv-427-jdp, he filed another document labeled "Amended Complaint," in which he names additional parties as defendants and adds new allegations. Dkt. 2. I will consider this document to be a supplement to the complaint, and have added the additional parties to the caption.

[2] Plaintiff has filed two motions to amend the caption of case no. 14-cv-466-jdp to include 160 "John Doe" defendants, Dkt. 8 and 10 in the '466 case, which I will grant in order to accurately reflect plaintiff's intended caption for this lawsuit.

Pro se plaintiff Carl C. Gilbert II, a civil detainee confined at the Sand Ridge Secure Treatment Center, located in Mauston, Wisconsin, has filed these proposed civil actions under 42 U.S.C. § 1983 alleging that Sand Ridge staff have violated his constitutional rights in several ways. Plaintiff has also filed a series of motions asking the court to consider allegations from previous cases he has filed in this court, for an order directing facility staff to extend his legal loan or have the court recruit him counsel, and for preliminary injunctive relief.

Plaintiff seeks leave to proceed *in forma pauperis* in each of his cases and has made initial partial payments of the filing fees for these cases as directed by the court. The next step is for the court to screen plaintiff's complaints and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After considering plaintiff's allegations, I will deny plaintiff leave to proceed on his claims and dismiss his complaints for failure to comply with Federal Rules of Procedure 8 and 20, but will give him an opportunity to submit amended complaints fixing these problems. I will deny the reminder of plaintiff's motions.

SCREENING THE COMPLAINTS

1.  **Allegations of Fact**

    a.  **Case no. 14-cv-427-jdp**

Pro se plaintiff Carl Gilbert is a civil detainee confined at the Sand Ridge Secure Treatment Center. The defendants named in his complaint (various named staff members as well as 130 "John Doe" defendants) have violated his rights in the following ways:

2

- Unlawfully holding plaintiff as a prisoner prior to his arrival at Sand Ridge; where plaintiff was not protected from other prisoners;

- Allowing plaintiff to be threatened by other prisoners;

- Unlawfully holding plaintiff as a patient at Sand Ridge;

- Racially discriminating against plaintiff;

- "Scheming, plotting and lying . . . in [plaintiff's] progress notes";

- Forcing plaintiff to purchase items to treat his medical problems, including shoes to help with his diabetes;

- Failing to adequately treat plaintiff's diabetes and groin pain;

- Serving on biased disciplinary hearing committees that do not allow plaintiff to call his own witnesses or confront witnesses testifying against him;

- Failing to protect plaintiff from an attack by another patient in November 2013 and unfairly finding him guilty of fighting in a disciplinary hearing; and

- Forcing plaintiff to participate in a 63-day "step program" as retaliation for plaintiff filing complaints about staff.

b.  **Case no. 14-cv-466-jdp**

The named staff members and 160 John Doe defendants have "sabotaged" plaintiff's treatment in the following ways:

> [E]ach defendant's persons did deliberately, internationally, knowingly, hinder, delay, denied and sabotage all forms of plaintiff's progress in his treatment progress under chapter 980 goals. By placing plaintiff and mostly all minority black (African-American) patients in situations whereas putting plaintiff (patients), (Peers), in physically danger and mental, emotional and creating terms of confections and bring negativity to the groups/ITO's wherein as plaintiff stating that all parties/defendants not only placed plaintiff in punitive/sanctions without no due process, neither they gave plaintiff any forms treatment other then wrote false, lying records reports, statements, etc. In open records and by their state doctors.

Dkt. 1 at 2.

2.  Analysis

Although plaintiff's complaints are somewhat difficult to follow, I understand plaintiff to be alleging that staff at both Sand Ridge and at his prior prison violated his constitutional rights in multiple ways. The problem for plaintiff is that his allegations are not nearly precise enough to comply with the Federal Rules of Civil Procedure.[3]

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Most of plaintiff's allegations in case no. 14-cv-427-jdp are clear enough to understand, but plaintiff utterly fails to identify which of the several named defendants or 130 John Doe defendants actually took the actions that plaintiff claims harmed him. Because claims under § 1983 must be based on a defendant's personal involvement in constitutional violation, see *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that plaintiff wishes to sue in these actions must be able to understand what he or she is alleged to have done to violate plaintiff's rights. For example, it is insufficient for plaintiff to assert in blanket fashion that *all* defendants denied him medical care, particularly where he has named 140 individual defendants.

---

[3] An additional problem is that plaintiff seems to be saying that he is being unlawfully confined by the Department of Health Services. Such a claim does not belong in a § 1983 action. Rather, plaintiff should bring that claim in a habeas corpus action after first exhausting his state court remedies.

Plaintiff's allegations in case no. 14-cv-466-jdp are significantly shorter. Much of what plaintiff alleges seems to overlap with the allegations in his other case, although he seems to be adding that staff is failing to adequately provide sex offender treatment while he is civilly committed. In any case, plaintiff again fails to explain how each individual defendant violated his rights.

The second major problem with plaintiff's complaints is that they assert a wide variety of presumably unrelated claims against facility staff. Although plaintiff's Rule 8 problems make it impossible to tell precisely which defendants are responsible for each alleged constitution violation, his allegations almost certainly violate Federal Rule of Civil Procedure 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, it is highly unlikely that the staff members failing to provide plaintiff with adequate medical care for his diabetes are the same persons who are failing to provide him with due process in his disciplinary hearings. If they are not the same defendants, the claims cannot be brought together in the same lawsuit.

Because plaintiff's complaints do not comply with Rule 8 and most likely Rule 20 as well, I will dismiss them in their entirety. However, I will give plaintiff a chance to file an amended complaint in each case in which he sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaints as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who

5

committed those acts; and (4) what relief he wants the court to provide. He should state the facts of what actually happened rather than make broad allegations to the effect that his rights were violated without explaining exactly how he thinks his rights were violated. Further, I note that it is unlikely that dozens of defendants are involved in each claim; plaintiff should limit the defendants named in each claim to those who are personally responsible for acting or failing to act in a way that violated his rights. If plaintiff does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, etc., but it is extremely unlikely that there would be any reason to name over 100 defendants (John Doe or otherwise) in this type of complaint.

Because it is likely that plaintiff's various claims would violate Rule 20 even after he identifies which defendant took each action that harmed him, plaintiff might find it useful to amend his complaints by starting with the two constitutional violations he thinks are most serious, consider which defendants are responsible for them, and limit his allegations in each of his amended complaints (one amended complaint for case no. 14-cv-427-jdp, and another for case no. 14-cv-466-jdp) to one of those claims. If plaintiff's other claims are against the *same* defendants as the claim in either of his two amended complaints, he may include those claims. If his other claims are against *different* defendants, they should not be included in his amended complaints.

Should plaintiff fail to submit proposed amended complaints by the deadline set in the order below, I will direct the clerk of court to enter judgment dismissing the cases.

REMAINING MOTIONS

**1.      Motions to include allegations from previous cases**

In addition to his complaints in each of these cases, plaintiff has filed two motions to "amend" his current complaints to include the allegations he raised in two previous cases, *Gilbert v. Wisconsin Dep't of Health and Family Serv's*, No. 10-cv-157-bbc (W.D. Wis.), and *Gilbert v. Astrazeneca LP*, No. 10-cv-282-bbc (W.D. Wis.). Both of these cases were dismissed at the screening stage; in fact, the complaint case no. 10-cv-157-bbc was dismissed for the same reasons I am dismissing plaintiff's current complaints, and that case was ultimately dismissed for plaintiff's failure to submit an amended complaint fixing those problems. *See Gilbert*, No. 10-cv-157-bbc, Dkt. 7 and 12.[4] Given the Rule 8 and 20 problems present in plaintiff's current complaints, I see no reason to consider further allegations that would serve to only exacerbate those problems.

In the alternative, plaintiff asks for case nos. 10-cv-157-bbc and 10-cv-282-bbc to be reopened. I will deny that request because it is improperly raised in his new cases rather than directly in the closed cases. Even if plaintiff's request was properly raised in his old cases, the court would have to deny it because plaintiff does not present any reason to reopen cases that still suffer from the same problems that caused their dismissal over four years ago.

---

[4] Plaintiff's other recent case was dismissed because plaintiff had "struck out" under 28 U.S.C. § 1915(g) and his complaint did not allege that he was in imminent danger of serious physical harm. *Gilbert v. Astrazeneca LP*, 10-cv-282-bbc (W.D. Wis. July 19, 2010). Plaintiff is no longer a "prisoner" in custody of the Wisconsin Department of Corrections, but rather a civilly committed patient in custody of the Wisconsin Department of Health Services, so the imminent danger bar no longer applies to him.

2.   Motions for legal loan or recruitment of counsel

Plaintiff has filed two motions asking the court to direct facility staff to extend his legal loan limit in order to litigate this case, particularly to allow him to conduct discovery or file future motions. Alternatively, plaintiff asks for the court to recruit him counsel.

I will deny these motions because plaintiff falls far short of showing that this is one of the rare situations in which the court would inquire into facility staff's handling of legal loans or other avenues that could fulfill their obligation to allow plaintiff to access the court. *See Bounds v. Smith*, 430 U.S. 817, 825 (1977)("[I]ndigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."). Plaintiff has seemingly had no problem filing various motions in his two cases, and it should not surprise him that an extension of his legal loan has not been authorized given that he had no pending deadlines in his cases. These cases are not yet at the discovery stage because plaintiff must first submit a complaint that properly states claims upon which relief may be granted.

To the extent that plaintiff requests the court's assistance in recruiting counsel, I will deny his request at this time because I do not believe that he needs the assistance of counsel to file complaints that comply with the Federal Rules of Civil Procedure. Nor has plaintiff shown that he has made reasonable efforts to locate counsel himself. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts").

3.   Motion for preliminary injunctive relief

Finally, plaintiff has filed a motion for temporary restraining order or preliminary injunctive relief "due to future harassment and punishments." Dkt. 19 in the '427 case, at 2. I

will deny the motion because it is completely undeveloped and because it is still unclear what claims might be a part of these lawsuits going forward. Plaintiff's immediate task is to amend his complaints to comply with the Federal Rules of Civil Procedure as discussed above.

ORDER

IT IS ORDERED that:

1. Plaintiff Carl C. Gilbert II's motions to amend the caption in case no. 14-cv-466-jdp, Dkt. 8 and 10 in the '466 case, are GRANTED.

2. Plaintiff is DENIED leave to proceed on his claims in each of the above-captioned cases, and plaintiff's complaints are DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

3. Plaintiff may have until February 17, 2015, to submit amended complaints in each action, addressing the problems detailed in the opinion above. Should plaintiff fail to submit proposed amended complaints by this deadline, I will direct the clerk of court to enter judgment dismissing the cases.

4. Plaintiff's motions to consider his allegations from case nos. 10-cv-157-bbc and 10-cv-282-bbc in his present cases, Dkt. 14 and 18 in the '427 case and Dkt. 11 and 15 in the '466 case, are DENIED.

5. Plaintiff's motions for extension of his legal loan or recruitment of counsel, Dkt. 9 and 16 in the '427 case and Dkt. 4 and 13 in the '466 case, are DENIED.

6. Plaintiff's motion for temporary restraining order or preliminary injunctive relief, Dkt. 19 in the '427 case and Dkt. 16 in the '466 case, is DENIED.

Entered February 9, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge