IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT II,

                Plaintiff,

v.

STATE OF WISCONSIN, DEPT. HEALTH & SERVICE,
SAND RIDGE SECURE TREATMENT CENTER,
DEBORAH MCCULLOCH, ROBERT KNEEPKENS,
SARAH STUCKEY, KRIST RICK, MARK SPEES,
JEFF HRUSKA, VALERIE LITTY, ROSE GRIFFA,
PAULA GILES, ROBERT GUNN,
and JOHN JOE DEFENDANTS 1-130,

        Defendants.

OPINION & ORDER

14-cv-427-jdp

---

CARL C. GILBERT II,

                Plaintiff,

v.

STATE OF DEPARTMENT OF
HEALTH SERVICES (SECRETARY),
DEBORAH MCCULLOCH, KAY MORSE,
ROBERT KNEEPHKENS, STEVE SCHNIEDER,
JEFFREY HRUSKA, MARK SPEES, ROBERT GUNN,
KEITH RAMSEY, JASON SMITH,
and JOHN DOE DEFENDANTS 1-160,

        Defendants.

OPINION & ORDER

14-cv-466-jdp

---

    Pro se plaintiff Carl C. Gilbert II, a civil detainee confined at the Sand Ridge Secure Treatment Center, located in Mauston, Wisconsin, has filed these proposed civil actions under 42 U.S.C. § 1983 alleging that Sand Ridge staff members have violated his constitutional rights in several ways, including unlawfully holding him at the facility, placing false information in his sex-offender treatment notes to ensure he could not progress in his

treatment, failing to treat his medical problems, and failing to protect him from an assault by another patient.

I dismissed plaintiff's original complaints in these actions because they did not comply with Federal Rules of Civil Procedure 8 and 20. In particular, plaintiff failed to identify which of the many defendants identified in the captions actually directly took the actions that plaintiff claims harmed him (he included several named defendants and 130 John Doe defendants in case no. 14-cv-427-jdp and several named defendants and 160 Doe defendants in case no. 14-cv-466-jdp). He also joined together many seemingly unrelated claims. I explained plaintiff how to amend his complaints as follows:

> Because plaintiff's complaints do not comply with Rule 8 and most likely Rule 20 as well, I will dismiss them in their entirety. However, I will give plaintiff a chance to file an amended complaint in each case in which he sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaints as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. He should state the facts of what actually happened rather than make broad allegations to the effect that his rights were violated without explaining exactly how he thinks his rights were violated. Further, I note that it is unlikely that dozens of defendants are involved in each claim; plaintiff should limit the defendants named in each claim to those who are personally responsible for acting or failing to act in a way that violated his rights. If plaintiff does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, etc., but it is extremely unlikely that there would be any reason to name over 100 defendants (John Doe or otherwise) in this type of complaint.
>
> Because it is likely that plaintiff's various claims would violate Rule 20 even after he identifies which defendant took each action that harmed him, plaintiff might find it useful to amend his complaints by starting with the two constitutional violations he thinks are most serious, consider which defendants are

>responsible for them, and limit his allegations in each of his amended complaints (one amended complaint for case no. 14-cv-427-jdp, and another for case no. 14-cv-466-jdp) to one of those claims. If plaintiff's other claims are against the *same* defendants as the claim in either of his two amended complaints, he may include those claims. If his other claims are against *different* defendants, they should not be included in his amended complaints.

Dkt. 25, at 5-6 (emphasis in original).[1]

Now plaintiff has responded by filing one combined complaint that continues to have most of the problems discussed in this court's previous order. Plaintiff names over 20 individuals in the caption but also appears to continue to bring claims against over 100 "John Doe" officials. In the previous order, I suggested that plaintiff "draft his amended complaints as if he were telling a story to people who know nothing about his situation," Dkt. 26, at 5, but instead, plaintiff summarizes his various problems and lists the names of several defendants, rather than explaining what each defendant did that he believes violated his rights. He also refers to exhibits such as progress notes, but he did not submit those records. Even if plaintiff had submitted medical records as exhibits, it is highly unlikely that this court would be able to sift through those documents to understand how each defendant was involved in the alleged wrongdoing.

I will give plaintiff a final chance to submit a complaint that explains which of the defendants have directly taken action against him or failed to act in a way that violated his rights. Plaintiff needs to be more specific about each defendant's actions; even in the highly unlikely event that over 100 individuals are truly involved in a particular claim, plaintiff cannot just provide one paragraph listing their names and stating that they have all violated

---

[1] All docket references are to case no. 14-cv-427-jdp.

his rights. In addition, he should not combine all of his claims in one complaint. He has two open cases, so he should split his claims between the two.

Because the heart of his claims seems to be that his sex offender treatment is being intentionally impeded by Sand Ridge staff, I suggest that he make that the focus of one of his complaints. But unlike what he has done with his current amended complaint, he cannot refer the court to a stack of exhibits as proof of how his treatment is being impeded. Rather, he will need to explain the specific actions each individual defendant has taken to impede his treatment. Plaintiff should also explain why he believes a particular action impeded his treatment. If plaintiff has other claims against the same defendants involved in his sex offender treatment claim, he may include them in that complaint.

Plaintiff has a second case open, so he should submit a separate amended complaint for that case as well. But generally, a plaintiff may only bring claims about one set of events in each separate lawsuit. Plaintiff will have to choose which of his claims he wishes to include in that lawsuit. If some of his other claims involve the same defendants as the claim he brings in the second lawsuit, he may bring those claims in the second lawsuit as well. But again, for each claim he will need to explain what each defendant specifically did to violate his rights.

Plaintiff has also renewed his motion for the court's assistance in recruiting him counsel. Plaintiff has still not provided *recent* letters showing that lawyers will not take his cases (he instead provides numerous letters from 2008 and 2009), and I am still not convinced that plaintiff needs the assistance of counsel to file complaints that comply with the Federal Rules of Civil Procedure. I will deny the renewed motion without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Carl C. Gilbert's amended complaint encompassing both of the above-captioned lawsuits is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8 and 20.

2. Plaintiff may have until October 14, 2015, to submit amended complaints in each action, addressing the problems detailed in the opinion above. Should plaintiff fail to submit proposed amended complaints by this deadline, I will direct the clerk of court to enter judgment dismissing the cases.

3. Plaintiff's motion for recruitment of counsel, Dkt. 33 in the '427 case and Dkt. 30 in the '466 case, is DENIED.

Entered September 23, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge