IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT II,

                Plaintiff,

  v.

STATE OF WISCONSIN, DEPT. HEALTH &
SERVICE, SAND RIDGE SECURE TREATMENT      OPINION & ORDER
CENTER, DEBORAH MCCULLOCH,
ROBERT KNEEPKENS, SARAH STUCKEY,              14-cv-427-jdp
KRIST RICK, MARK SPEES,
JEFF HRUSKA, VALERIE LITTY, ROSE GRIFFA,
PAULA GILES, ROBERT GUNN,
and JOHN JOE DEFENDANTS 1-130,

                Defendants.

---

CARL C. GILBERT II,

                Plaintiff,

  v.

STATE OF DEPARTMENT OF
HEALTH SERVICES (SECRETARY),              OPINION & ORDER
DEBORAH MCCULLOCH, KAY MORSE,
ROBERT KNEEPHKENS, STEVE SCHNIEDER,      14-cv-466-jdp
JEFFREY HRUSKA, MARK SPEES, ROBERT
GUNN,
KEITH RAMSEY, JASON SMITH,
and JOHN DOE DEFENDANTS 1-160,

                Defendants.

---

      Pro se plaintiff Carl C. Gilbert II, a civil detainee confined at the Sand Ridge Secure Treatment Center, filed these two proposed civil actions under 42 U.S.C. § 1983 alleging that Sand Ridge staff members have violated his constitutional rights in several ways, including

unlawfully holding him at the facility, placing false information in his sex-offender treatment notes to ensure he could not progress in his treatment, failing to treat his medical problems, and failing to protect him from assaults by another patient.

I dismissed Gilbert's complaints in these actions because they did not comply with Federal Rules of Civil Procedure 8 and 20. In particular, Gilbert failed to identify which of the many defendants identified in the captions actually directly took the actions that he claims harmed him (he included several named defendants and 130 John Doe defendants in case no. 14-cv-427-jdp and several named defendants and 160 Doe defendants in case no. 14-cv-466-jdp). He also joined together many seemingly unrelated claims. I explained to Gilbert how to amend his complaints, and gave him a chance to submit an amended complaint in each case. Dkt. 25.[1]

I dismissed these cases after Gilbert filed a proposed combined amended complaint containing the same problems as his earlier complaints, *see* Dkt. 42, and then failed to respond to my order giving him a chance to submit new amended complaints, *see* Dkt. 43. I also denied Gilbert's motion for assistance in recruiting him counsel because he had not submitted recent letters indicating that lawyers will not take his cases, and because I was not convinced that he needed help to file complaints that complied with the Federal Rules of Civil Procedure.

About three weeks after the cases were dismissed, Gilbert submitted a proposed amended complaint, motion for reconsideration of the dismissal of his actions, motion for extension of time to file his amended complaint, and renewed request for the assistance of counsel. I denied all of these motions. *See* Dkt. 49. In particular, I concluded that there was no

---

[1] All docket references are to case no. 14-cv-427-jdp.

reason to consider reopening his cases because his new proposed amended complaint suffered from the same problems as his previous complaints. *Id*. at 3-4. I also denied his renewed motion for the recruitment of counsel because "he continue[d] to fail to demonstrate whether he has asked outside attorneys to represent him with these cases" and "[t]here [was] also little reason to think that he genuinely needs counsel to fill out a comprehensible complaint." *Id*. at 4. I instructed Gilbert that I would not reopen these cases, but he was free to file a brand-new cases containing only one of the several types of claims he attempted to pack into these cases. *Id*.

More than two months later, Gilbert has responded to my last order by filing another motion for reconsideration, a motion to stop Sand Ridge officials from hindering his litigation efforts, and documents showing that he has contacted several lawyers about representing him who have turned him down. Dkt. 50 & Dkt. 51. Shortly thereafter, he filed a brand-new complaint along with another Sand Ridge resident. *See Gilbert v. State of Wisconsin*, No. 16-cv-729-jdp (W.D. Wis.).

Gilbert does not include a new complaint with these materials because he says that Sand Ridge officials are interfering with his litigation efforts. The fact that he has filed a brand-new complaint in a new lawsuit casts doubt on the accuracy of this allegation. In any event, it is too late for him to make yet another attempt at fixing his complaints in these cases. As I stated in the last order, these cases are closed and he can pursue a new lawsuit if his allegations are sufficiently clear and limited to claims that belong together in one case. Because these cases will remain closed, I will not consider his new documents regarding recruitment of counsel. I will screen his new complaint in a separate order.

ORDER

IT IS ORDERED that:

1. Plaintiff Carl Gilbert's motion for reconsideration of my dismissal of these cases, Dkt. 50, is DENIED.

2. Plaintiff's motion for an order directing prison officials to stop interfering in his litigation efforts, Dkt. 51, is DENIED as moot.

Entered May 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge